

FILED

FEB 0 6 2019

Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WYATT CAMERON MONTCLAIR,<br><br>Defendant. | CR 15-21-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Wyatt Cameron Montclair (Montclair) has been accused of violating the conditions of his supervised release. Montclair has admitted all of the alleged violations. Montclair's supervised release should be revoked. Montclair should receive a term of custody of time served, with 33 months of supervised release to follow.

## II. Status

Montclair pleaded guilty to Involuntary Manslaughter on April 13, 2015. (Doc. 16). The Court sentenced Montclair to 28 months of custody, followed by 3 years of supervised release. (Doc. 23). Montclair's current term of supervised release began on May 25, 2018. (Doc. 27 at 2).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Montclair's supervised release on November 13, 2018. (Doc. 27). The Petition alleges that Montclair violated the conditions of his supervised release: 1) by using marijuana; 2) by consuming alcohol; and 3) by failing to make restitution payments. (Doc. 27 at 2-3). United States District Judge Brian Morris issued a warrant for Montclair's arrest on November 13, 2018. (Doc. 28).

**Initial appearance**

Montclair appeared before the undersigned for his initial appearance on February 6, 2019. Montclair was represented by counsel. Montclair stated that he had read the petition and that he understood the allegations. Montclair waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a joint revocation hearing in this case and in Cause CR 14-84-GF-BMM-JTJ on February 6, 2019. Montclair admitted that he had violated the conditions of his supervised release: 1) by using marijuana; 2) by consuming alcohol; and 3) by failing to make restitution payments. The violations are serious and warrant revocation of Montclair's supervised release.

2

Montclair's violations are Grade C violations. Montclair's criminal history category is I. Montclair's underlying offenses are Class C and Class D felonies. Montclair could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

Montclair requested a sentence of time served. The government requested a sentence at the low end of the applicable guideline range.

### III. Analysis

Montclair's supervised release should be revoked. Montclair should receive a term of custody of time served, with 33 months of supervised release to follow. The supervised release conditions imposed previously should be continued. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Montclair that the above sentence would be recommended to Judge Morris. The Court also informed Montclair of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Montclair that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised

release and what, if any, sanction to impose. Montclair stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before a United States district court judge.

The Court **FINDS:**

> That Wyatt Cameron Montclair violated the conditions of his supervised release by using marijuana, by consuming alcohol and by failing to make restitution payments.

The Court **RECOMMENDS:**

> That the District Court should revoke Montclair's supervised release and commit Montclair to the custody of the United States Bureau of Prisons for a term of time served, with a 33 months of supervised release to follow. The sentence imposed in this case should run concurrent with the sentence imposed in Cause CR 14-84-GF-BMM.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and

may waive the right to appear and allocute before a district court judge.

DATED the 6th day of February, 2019.

_____
John Johnston
United States Magistrate Judge

5